IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS LLC, as Broadcast Licensee of the December 19, 2020 Saul Canelo Alvarez v. Callum Smith Championship Fight Program, § § § § § § § Plaintiff, § § V. § § DALLAS TACOS PANCHO INC., § individually and d/b/a TACOS § PANCHO, and d/b/a DALLAS § TACOS PANCHO, and FRANCISCO § ADRIAN SALDIVAR, individually § and d/b/a TACOS PANCHO, and § d/b/a DALLAS TACOS PANCHO, § and FRANCISCO JAVIER § SALVIDAR, individually and d/b/a § TACOS PANCHO, and d/b/a § DALLAS TACOS PANCHO, § § Defendants. § | | No. 3:23-cv-2778-S |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff G&G Closed Circuit Events, LLC, as Broadcast Licensee of the December 19, 2020 Saul Canelo Alvarez v. Callum Smith Championship Fight Program ("G&G") filed a Motion for Substituted Service for all defendants. *See* Dkt. No. 6.

United States District Judge Karen Gren Scholer has referred this motion to the undersigned United States Magistrate Judge for hearing, if necessary, and

determination under 28 U.S.C. § 636(b). *See* Dkt. No. 7; *see also Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022).

## Background

This case concerns an alleged violation of 47 U.S.C. § 553 or 47 U.S.C. § 605.

G&G filed a complaint in this court on December 18, 2023, against 1) Dallas Tacos Pancho, Inc., individually and d/b/a as Tacos Pancho and d/b/a Dallas Tacos Pancho ("Dallas Tacos Pancho"); 2) Francisco Adrian Saldivar, individually and d/b/a Tacos Pancho and d/b/a Dallas Tacos Pancho ("Francisco A. Saldivar"); and 3) Francisco Javier Saldivar, individually and d/b/a Tacos Pancho and d/b/a Dallas Tacos Pancho ("Francisco J. Saldivar") on the basis of federal question jurisdiction. *See* Dkt. No. 1.

G&G alleges that it was "exclusively authorized to sub-license" the December 19, 2020 Saul "Canelo" Alvarez v. Callum Smith Championship Fight Program. *Id.* at 4. The broadcast could only be "exhibited by a commercial establishment, if the establishment was contractually authorized to do so by [G&G]." *Id.*

G&G states that the defendants exhibited the event to their patrons without authorization from or payment to G&G by either intercepting or assisting in intercepting the "interstate communication of the Event." *Id.* at 5. G&G seeks monetary damages and costs and expenses from Defendants. *See id.* at 6.

Summonses were issued as to all Defendants on December 18, 2023. *See* Dkt. No. 4.

On April 5, 2024, almost four months after filing their complaint, the presiding judge issued an order stating that G&G had not served Defendants and ordering that service be completed by May 6, 2024, or the claims against the Defendants would be subject to dismissal without prejudice. *See* Dkt. No. 5.

On April 25, 2024, before the Court's deadline for service had expired, G&G filed this motion. *See* Dkt. No. 6.

### Legal Standards

Federal Rule of Civil Procedure 4(e) provides that

> [u]nless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
> 1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> 2) doing any of the following:
>    A) delivering a copy of the summons and of the complaint to the individual personally;
>    B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>    C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(1), (2).

This Court is located in the state of Texas, and G&G seeks to effect service in Texas.

Texas Rule of Civil Procedure 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>    (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>    (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

-3-

> (b) Upon motion supported by a statement--sworn to before a notary or made under penalty of perjury--listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106.

And, so, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* TEX. R. CIV. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* TEX. R. CIV. P. 108.

The Comment to 2020 Change notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), https://www.txcourts.gov/media/1449613/209103.pdf.

Courts in this district have permitted substituted service by email, *see Sec. & Exch. Comm'n v. Plummer*, No. 3:21-cv-2331-B, 2022 WL 1643958 (N.D. Tex. May 23,

2022), and by text message, *see Schiff v. Ward*, No. 3:21-cv-1109-M, 2021 WL 8323656 (N.D. Tex. Sept. 29, 2021).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." TEX. R. CIV. P. 106(b).

Texas Rule of Civil Procedure 109 provides that service by publication is authorized:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

TEX. R. CIV. P. 109.

If a court does authorize citation by publication, then it can also "prescribe a different method of substituted service." TEX. R. CIV. P. 109(a). The Texas Supreme Court has opined that when "a defendant's identity is known, service by publication is generally inadequate." *See In re E.R.*, 385 S.W.3d 552, 560 (Tex. 2012).

Rule 109 requires an accompanying affidavit that states that the defendant's address was unknown to the affiant, the "[defendant] is atransient person, that [the defendant] was absent from Texas or that [the defendant] did not reside in Texas." *Wood v. Brown*, 819 S.W.2d 799, 799 (Tex. 1991).

**Analysis**

1. <u>Francisco Adrian Saldivar and Francisco Javier Saldivar</u>

G&G requests that the Court permit service on Francisco A. Saldivar and Francisco J. Saldivar as individuals by "leaving a copy of the service documents with anyone over the age of eighteen (18) at 2445 W. Northwest Highway, Suite 101, Dallas, Texas 75220; or securely attaching the documents to the front door at 2445 W. Northwest Highway, Suite 101, Dallas, Texas." Dkt. No. 6 at 7, 10.

In support of their Motion for Substituted Service, G&G attaches a declaration made under penalty of perjury from private process server Guy Connelly. *See* Dkt. No. 6 at Ex. A. Guy Connelly details the following attempts of service on all defendants:

- On January 3, 2024, he attempted to serve all defendants at 10245 Harry Hines Blvd. Dallas, Texas 75220, which was the commercial business address of a restaurant named Juanitos. *See id.* at 2. Connelly spoke to a waitress named Maria who stated that the address has always been Juanitos and she did not know any of the defendants. *See id.*

- Connelly attempted to serve all defendants at 2445 W. Northwest Highway #101, Dallas, Texas 75220 ("Northwest address") on January 4, 2024. *See id.* This is the commercial business address of Panchos Mexican Restaurant. *See id.* Connelly spoke with an employee named Carina who said that both Francisco A. Saldivar and Francisco J. Saldivar worked at the restaurant, but neither were in. *See id.* Connelly left his business card asked Carina to have Francisco A. Saldivar and Francisco J. Saldivar call him. *See id.*

- Connelly again attempted to serve defendants at the Northwest address on January 6, 2024. *See id.* He spoke to an employee named Stephanie who said that Francisco A. Saldivar and Francisco J. Saldivar worked at the restaurant but were not in, and she didn't know when they would be back. *See id.* Connelly again left his business card and asked Stephanie to have Francisco A. Saldivar and Francisco J. Saldivar call him. *See id.*

- Connelly again attempted to serve all defendants at the Northwest address on January 19, 2024. *See id.* He spoke again with Stephanie who said that Francisco A. Saldivar and Francisco J. Saldivar were not in. *See id.* Connelly again left his business card and asked Stephanie to have Francisco A. Saldivar and Francisco J. Saldivar call him. *See id.*

Connelly also states that, as of February 4, 2024, he had not received a call from any defendant and had not been able to reach either Francisco A. Saldivar or Francisco J. Saldivar but that he has confirmed with two different employees that they work at the Northwest address. *See id.* at 2.

Although G&G does not state under what authority they request substituted service, Texas Rule of Civil Procedure 106(b)(1) states that,

> [u]pon motion supported by a statement – sworn to before a notary or made under penalty of perjury – listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement[.]

TEX. R. CIV. P. 106(b)(1).

G&G has complied with the requirements of Tex. R. Civ. P. 106(b). They have filed a motion for substituted service and attached a statement of a private process server made under penalty of perjury. *See* Dkt. No. 6 at Ex. A. The statement details three different attempts to serve Francisco A. Saldivar and Francisco J. Saldivar at 2445 W. Northwest Highway #101, Dallas, Texas 75220. *See id.* The statement confirms that the Northwest address is a location "where the defendant can probably be found," as Connelly spoke with two different employees who stated that both Francisco A. Saldivar and Francisco J. Saldivar worked at the location. *U.S. Bank, National Association as Trustee for Truman 2016 SC6 Title Trust v. Harper*, No. 3:21-cv-81-G, 2021 WL 2187268, at *2 (N.D. Tex. May 28, 2021) (authorizing substituted service at a defendant's confirmed place of employment).

G&G requests that the Court authorize substituted service by either "leaving a copy of the service documents with anyone over the age of eighteen (18) at 2445 W. Northwest Highway, Suite 101, Dallas, Texas 75220; or securely attaching the documents to the front door at 2445 W. Northwest Highway, Suite 101, Dallas, Texas." Dkt. No. 6 at 7, 10.

The Court finds that leaving the service documents with a person over the age of eighteen at the Northwest address would be reasonably effective to give Francisco A. Saldivar and Francisco J. Saldivar notice of the suit. And, so, the Court authorizes G&G to first attempt substituted service through this method.

If G&G is unsuccessful in leaving the documents with a person over the age of eighteen at the Northwest address, the Court authorized G&G to effect service by leaving a copy of the documents securely attached to the front door. *See, e.g., United Fire & Cas. Co. v. A Fast Tile & Coping, LP*, No. 4:21-cv-1082-O, 2021 WL 12289168, at *3 (N.D. Tex. Nov. 18, 2021) ("Thus, the Court authorizes Plaintiff to elect service on this Defendant by first making a reasonable attempt to leave the summons and complaint, together with a copy of this Order, with a person over the age of sixteen at the residence. If unsuccessful, Plaintiff is authorized to affix the summons, complaint, and copy of this Order to the door or gate of the residence.").

2. Dallas Tacos Pancho

G&G states that because it has attempted to be serve Dallas Tacos Pancho's registered agent at the registered agent's address and has been unsuccessful, the Court should allow them to serve Dallas Tacos Pancho through the Texas Secretary of State. *See* Dkt. No. 6 at 2-5.

Federal Civil Rule Procedure 4(h)(1) dictates that a corporation may be served in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(A), (B).

"Texas Business Organizations Code § 5.251 also permits service on the Texas Secretary of State for an entity registered with the Secretary of State if its registered agent 'cannot with reasonable diligence be found at the registered office of the entity.'" *Innovative Sports Mgmt., Inc. v. Trampsports, LLC*, No. 1:23-CV-01144-DII, 2024 WL 584464, at *1 (W.D. Tex. Feb. 13, 2024). "One attempt at service at the registered office 'may constitute reasonable diligence if further attempts at the address would be futile.'" *Id.* (citing *Catlin Specialty Ins. Co. v. Montelongo Inc.*, No. SA-12-CV-711-XR, 2012 WL 5183585, at *1 (W.D. Tex. Oct. 18, 2012)). And "reasonable diligence does not require the process server 'to attempt to find the registered agent at any other address than the address for the registered office.'" *Catlin Specialty Ins. Co.*, 2012 WL 5183585, at *1 (citing *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex.App.-Eastland 2012, no pet.)).

G&G attaches a "Franchise Tax Account Status" from 2021 that lists the mailing address of Dallas Tacos Pancho as 2245 W. Northwest Hwy. Ste. 101 Dallas, Texas 75220. *See* Dkt. No. 6 at Ex. B. It also lists Francisco A. Saldivar as the registered agent and 10245 Harry Hines Blvd. Dallas, Texas 75220 as the registered office street address. *See id.*

G&G also attaches a Public Information Report from 2019 that lists Francisco Adrian Saldivar and Francisco Javier Saldivar as directors of Dallas Tacos Pancho, Inc., with an address of 10245 Harry Hines Blvd. Dallas, Texas 75220. *See id.*

G&G has demonstrated that it attempted to serve Francisco A. Saldivar at 10245 Harry Hines Blvd., Dallas, Texas 75220 but found that the address belonged

to a different restaurant and that the server did not know the defendants. *See id.* at Ex. A. Further attempts at service would be futile because "the registered address is occupied by an entirely different business." *Catlin Specialty Ins. Co.*, 2012 WL 5183585, at *1.

And, so, G&G can properly serve Dallas Tacos Pancho through the Texas Secretary of State.

## Conclusion

The Court GRANTS G&G's Motion for Substituted Service [Dkt. No. 6] and orders G&G to effect service on Francisco A. Saldivar and Francisco J. Saldivar by either "leaving a copy of the service documents with anyone over the age of eighteen (18) at 2445 W. Northwest Highway, Suite 101, Dallas, Texas 75220; or securely attaching the documents to the front door at 2445 W. Northwest Highway, Suite 101, Dallas, Texas." Dkt. No. 6 at 7, 10. The Court authorizes G&G to first attempt substituted service through leaving a copy of the service documents with anyone over the age of 18. If G&G is unsuccessful in leaving the documents with a person over the age of eighteen at the Northwest address, the Court authorizes G&G to effect service by leaving a copy of the documents securely attached to the front door.

The Court also authorizes G&G to serve Dallas Tacos Pancho through the Texas Secretary of State.

SO ORDERED.

DATED: August 30, 2024

-12-

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-12-